```
                                                  USDC SDNY
                                                  DOCUMENT
                                                  ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                      DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                     DATE FILED: 11/29/2022
```

CHRISTIAN CASTELAN,

                        Plaintiff,

              -against-                      7:22-CV-9326 (NSR)

CORRECTIONAL OFFICER KEENAN A. JOHN;     ORDER OF SERVICE
CORRECTIONAL OFFICER SHAUN H. KERR;
A-BLOCK SERGEANT BERMANN JOSEPH,

                        Defendants.

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Christian Castelan, who is currently incarcerated in the Sing Sing Correctional Facility ("Sing Sing"), brings this *pro se* action under 42 U.S.C. § 1983 seeking damages; his claims arise from events that allegedly occurred in Sing Sing while he has been incarcerated there. He sues: (1) Correctional Officer Keenan A. John; (2) Correctional Officer Shaun H. Kerr; and (3) Correctional Sergeant Bermann Joseph.

      By order dated November 1, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court directs service on the defendants, and directs all of them to comply with Local Civil Rule 33.2.

## DISCUSSION

**A.    Service on the defendants**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons for each of the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon all of the defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. These discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

---

complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

service of the complaint, the defendants must serve responses to these standard discovery requests. In their responses, the defendants must quote each request verbatim.[3]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issue summonses for the defendants; complete the USM-285 forms with the addresses for the defendants; and deliver all documents necessary to effect service on the defendants to the U.S. Marshals Service.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

SO ORDERED.

Dated:   November 29, 2022
         White Plains, New York

                                                      _____
                                                              NELSON S. ROMÁN
                                                           United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correctional Officer Keenan A. John
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

2. Correctional Officer Shaun H. Kerr
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

3. Correctional Sergeant Bermann Joseph
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442