UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/13/2023__
```

CHRISTIAN CASTELAN,

                      Plaintiff,

        -against-

CORRECTIONAL OFFICER KEENAN A. JOHN; CORRECTIONAL OFFICER SHAUN H. KERR; A-BLOCK SERGEANT BERMANN JOSEPH,

                      Defendants.

7:22-CV-9326 (NSR)

SUPPLEMENTAL ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Christian Castelan, who is currently incarcerated in the Sing Sing Correctional Facility ("Sing Sing"), brings this *pro se* action under 42 U.S.C. § 1983 seeking damages; his claims arise from events that allegedly occurred in Sing Sing while he has been incarcerated there. He sues: (1) Correctional Officer Keenan A. John; (2) Correctional Officer Shaun H. Kerr; and (3) Correctional Sergeant Bermann Joseph.

      By order dated November 1, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  The Court directed service on all Defendants on November 29, 2022. (ECF No. 6.)  Service upon Shaun H. Kerr by the U.S. Marshal's Office was attempted and returned unexecuted on March 17, 2023. (ECF No. 9.)

      As set forth below, the Court directs service on Correctional Officer Shaun H. Kerr, whose address has been provided pursuant to a *Valentin* Order on July 12, 2023. (ECF No. 23.)

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

1

## DISCUSSION

**A.      Order of Service: Dr. John Morley**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Shaun H. Kerr through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).  Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.  The Clerk of the Court is directed to mail a copy of this order to *pro se* Plaintiff and show service on the docket.

Dated: July 13, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

3

**DEFENDANT AND SERVICE ADDRESSES**

1. **Shaun H. Kerr**
   Correction Officer
   Department of Corrections and Community Supervision
   354 Hunter Street
   Ossining, NY 10562