USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___11/25/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN CASTELAN,

                              Plaintiff,

          -against-

CORRECTIONAL OFFICER KEENAN A.
          JOHN, et al.,

                              Defendants.

22 CV 9326 (NSR)

OPINION & ORDER

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Plaintiff Christian Castelan ("Plaintiff" or "Castelan") commenced this action against Defendants Correctional Officer Keenan A. John ("Officer John"), Correctional Officer Shaun H. Kerr ("Officer Kerr"), and Sergeant Bermann Joseph ("Sergeant Joseph") (collectively, "Defendants"), alleging violations of his Eighth Amendment rights—specifically, the use of excessive force and deliberate indifference—pursuant to 42 U.S.C. § 1983. (ECF No. 2 ("Compl.").)

Presently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 79 ("Mot.").) For the reasons set forth below, the Court GRANTS Defendants' motion.

**BACKGROUND**

**A. Factual Background**

The facts below, which are undisputed unless otherwise noted, are drawn largely from Defendants' statement of undisputed material facts.[1] (ECF No. 85, Defs. 56.1.) The Court recounts

---

[1] Plaintiff's Opposition does not include responses to "each numbered paragraph in the statement of the moving party," in violation of Local Civil Rule 56.1(b). L.R. 56.1(b). Instead, Plaintiff submits only a handwritten declaration that consists of conclusory assertions (ECF No. 88) and does not cite to any admissible evidence.

1

them as the relevant factual background for purposes of this Opinion, and, as required at summary judgment, construes the record in Castelan's favor as the non-moving party.

Plaintiff Christian Castelan is incarcerated at Sing Sing Correctional Facility ("SSCF") under the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (Defs. 56.1 ¶ 1.) On September 8, 2022, Plaintiff lived in Housing Block A. (*Id*. ¶ 2.) Officers Keenan A. John and Shaun H. Kerr, as well as Sergeant Bermann Joseph, were assigned to that unit on the date of the incident. (*Id*. ¶¶ 3–4, 7.) At approximately 12:40 p.m., Plaintiff stood at the P-gallery end gate and shouted that he had a visitor and needed the gate opened. (*Id*. ¶ 8.) Officer John heard the shouting from the top of the housing-gallery staircase. (*Id*. ¶ 9.) He stopped Plaintiff at the bottom of the stairs, beneath the mess-hall bridge, and directed him to place his hands on the wall for a pat frisk. (*Id*. ¶ 10.) Plaintiff complied, placing his hands on the wall across from the staircase exit while Officer John conducted the frisk. (*Id.* ¶ 11.)

During the frisk, Plaintiff turned toward Officer John, using profanity and speaking in an aggressive tone. (Defs. 56.1 ¶ 12.) Hearing Plaintiff's voice, Officer Kerr approached. (*Id*. ¶ 13.) After the frisk concluded, Plaintiff's identification card was on the floor near his feet, and the two Officers instructed him to pick it up and proceed to his visit. (*Id*. ¶¶ 14–15.) Plaintiff did not immediately comply. (*Id*. ¶ 16.) At his disciplinary hearing, Plaintiff stated that he "got mad" after being told to pick up his ID and became argumentative. (Id. ¶ 17.) Plaintiff then balled his hands into fists and made a movement toward Officer John, prompting Officer John to use a body-hold restraint and fall sideways with Plaintiff to the ground. (*Id*. ¶¶ 18–19.) While on the ground,

---

Accordingly, the material facts set forth in Defendants' Local Civil Rule 56.1 statement should be deemed admitted for purposes of the motion. *See Sam Jin World Trading, Inc. v. M/V Cap San Nicolas*, No. 09 CIV. 3997 (LMM), 2010 WL 2670847, at *2 (S.D.N.Y. July 2, 2010) ("Because Plaintiff has failed to submit a response to [defendant's] Rule 56.1 Statement, the Court concludes that the facts asserted in [defendant's] statement are uncontested and admissible.")

Plaintiff resisted and attempted to grab Officer John's legs, and Officer Kerr assisted in securing Plaintiff on his stomach and applying mechanical restraints. (*Id*. ¶¶ 20–21.) No additional force was used once Plaintiff was handcuffed. (*Id*. ¶ 22.)

At the time of the incident, Sergeant Joseph was stationed in the enclosed second-floor bridge between Housing Block A and the mess hall. (Defs. 56.1 ¶ 23.) From that location, he did not have a direct line of sight to the ground-floor area where the frisk occurred. (*Id*. ¶ 24.) After being advised by another officer that assistance was needed, he descended the stairs and observed Plaintiff already standing in mechanical restraints. (*Id*. ¶ 25.) Sergeant Joseph did not witness any use of force. (*Id*. ¶ 26.) Plaintiff testified that he does not recall seeing Sergeant Joseph during or after the incident and, at his disciplinary hearing, identified only Officers John and Kerr as involved. (*Id*. ¶¶ 27, 29.) Officers John and Kerr likewise did not identify any other officer as present. (*Id*. ¶ 28.)

After the incident, Plaintiff was examined in the infirmary at approximately 12:45 p.m. (Defs. 56.1 ¶ 30.) The nurse noted a minor quarter-inch laceration behind Plaintiff's left ear, superficial abrasions on his shoulders and the left side of his face, and subjective right-thigh pain with no deformity. (*Id*. ¶ 31.) Plaintiff was treated with an ACE bandage, bacitracin ointment, and Tylenol. (*Id*. ¶ 32.) A staff sergeant photographed his injuries. (*Id*. ¶ 33.) On March 27, 2023, Plaintiff reported right-thigh tingling after prolonged standing, but imaging showed no abnormalities. (*Id*. ¶ 34.)

On September 20, 2022, Plaintiff filed a grievance through the SSCF Incarcerated Grievance Program ("IGP"), alleging that Officers John and Kerr assaulted him. (Defs. 56.1 ¶ 35.) He did not identify Sergeant Joseph or any other officer in his grievance. (*Id*. ¶ 36.) On September 29, 2022, Plaintiff was advised that the grievance had been referred to the SSCF Superintendent

and that he could appeal to the Central Office Review Committee ("CORC") if no response was issued within 25 days. (*Id*. ¶ 37.)

After 25 days elapsed without a response from the Superintendent, Plaintiff filed an appeal on October 23, 2022, which CORC received on October 31, 2022. (Defs. 56.1 ¶ 38.) Plaintiff, however, had already filed this lawsuit on October 28, 2022—three days before CORC received his appeal. (*Id*. ¶ 39.) The Superintendent subsequently denied the grievance on November 18, 2022, concluding that "no evidence could be found to substantiate grievant's allegations." (*Id*. ¶ 40.) CORC later issued its own denial on January 26, 2023, stating that it "has not been presented with sufficient evidence to substantiate malfeasance by staff." (*Id.* ¶ 41.)

### B.  Procedural History

As mentioned above, Castelan filed his Complaint on October 28, 2022, alleging that Officers John and Kerr used excessive force in violation of the Eighth Amendment and that Sergeant Joseph failed to intervene. (ECF No. 2.) On August 12, 2025, Defendants moved for summary judgment, arguing principally that Plaintiff failed to exhaust DOCCS's grievance process and that the undisputed record does not support his excessive-force or failure-to-intervene claims. (ECF No. 79.) Defendants supported their motion with a memorandum of law. (ECF No. 80, Defs. Mem.) Plaintiff opposed the motion through a handwritten declaration (ECF No. 88, Pltf. Decl.) and Defendants subsequently filed a reply. (ECF No. 89, Reply.)

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of

either party, [while] materiality runs to whether the dispute matters, *i.e.*, whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations [*18] omitted). Notably, "the judge's function is not [ ] to weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. A court should grant summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). Rather, the non-moving party must advance more than a "scintilla of evidence," *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Local Civil Rule 56.1 further governs summary judgment practice. The Rule requires the nonmovant to "include a correspondingly numbered paragraph responding to each numbered

paragraph in the statement of the moving party," and, where appropriate, to add any additional material facts in dispute. L.R. 56.1(b); *Kelly v. Beliv LLC*, 2024 WL 1076217, at *1–2 (S.D.N.Y. Mar. 12, 2024)*. Under Rule 56.1(c), "[e]ach numbered paragraph" in the movant's statement "will be deemed admitted" unless specifically controverted. L.R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("should the nonmoving party wish to contest the assertions contained within a Rule 56.1 statement, the nonmoving party must respond to each of the statement's paragraphs.") Courts therefore routinely deem a movant's properly supported facts admitted when the opposing party fails to submit a Rule 56.1 response. *See Sam Jin*, 2010 WL 2670847, at 2 ("Because Plaintiff has failed to submit a response to [defendant's] Rule 56.1 Statement, the Court concludes that the facts asserted in [defendant's] statement are uncontested and admissible."); *see also Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000).

The Court remains mindful, however, that Rule 56.1 does not relieve the movant of its burden to demonstrate entitlement to judgment as a matter of law, and that a 56.1 statement "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Johnson v. IAC/Interactive Corp.*, 2 F. Supp. 3d 504, 508 (S.D.N.Y. 2014).

## DISCUSSION

### A. Failure to Comply with Local Civil Rule 56.1

Plaintiff's failure to comply with Local Civil Rule 56.1 prevents him from creating any genuine dispute of material fact. The Rule requires a nonmovant to respond to each paragraph of the movant's statement and identify any additional facts that raise a triable issue; otherwise, the movant's properly supported facts are deemed admitted. L.R. 56.1(b), (c); *T.Y.,* 584 F.3d at 417–18 (failure to respond permits the court to deem the movant's facts "uncontested and admissible.")

6

Here, Plaintiff filed no Rule 56.1 counterstatement. Instead, he submitted a handwritten declaration containing only conclusory assertions that officers "kicked" and "stomped" him. (Pltf. Decl. ¶ 8.) The declaration cites no supporting evidence, contradicts portions of his sworn testimony[2], and does not address "each numbered" paragraph of Defendants' Rule 56.1 Statement. Conclusory or self-serving allegations are insufficient at summary judgment. *See D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998) (conclusory allegations cannot create a factual dispute); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (nonmovant must present specific, admissible facts). The deficiency is exacerbated by Plaintiff's failure to produce any corroborating evidence during discovery: the only witness he identified—his aunt—did not observe the incident. (ECF No. 84-1, Pl. Dep. 267:12–18.) Accordingly, Plaintiff has presented no admissible evidence to rebut Defendants' factual showing.

As a result, the factual assertions set forth in Defendants' Rule 56.1 Statement—each of which is supported by record evidence, including deposition testimony, logbook entries, medical records, disciplinary records, and grievance documents—are deemed admitted and constitute the undisputed factual record before the Court. (ECF No. 84-1-12.) *See Millus*, 224 F.3d at 138 (affirming summary judgment where plaintiff failed to deny Rule 56.1 facts); *Gubitosi v. Kapica,* 154 F.3d 30, 31 n. 1 (2d Cir.1998) (accepting as true defendant's uncontested assertions in reversing denial of summary judgment). Because Plaintiff neither complied with Local Civil Rule 56.1 nor submitted any competent evidence contradicting Defendants' factual showing, he has

---

[2] For instance, Plaintiff's asserted injuries are contradicted by the contemporaneous medical records. Although Plaintiff testified that five officers beat him and caused significant bruising and swelling to his right thigh (Pl. Dep. 179:22–180:13, 182:5–11, 184:13–24, 202:21–203:9), the immediate post-incident medical evaluation noted no such bruising or swelling. (Defs. 56.1 ¶ 34.)

failed to raise a genuine dispute of material fact. *Millus*, 224 F.3d at 138. Summary judgment is therefore warranted on this basis alone.

### B. Failure to Exhaust Administrative Remedies

Even if summary judgment was not warranted on the grounds discussed above, Plaintiff's claims must be dismissed for the independent and dispositive reason that he failed to exhaust administrative remedies before filing suit. The Prison Litigation Reform Act ("PLRA") makes exhaustion a mandatory prerequisite to litigation, leaving courts no discretion to excuse noncompliance. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."; *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion required "regardless of the relief offered").

New York's Incarcerated Grievance Program ("IGP") provides a separate expedited grievance procedure for allegations of staff harassment—including excessive force. 7 N.Y.C.R.R. § 701.8 ("§ 701.8(f)")*; see Morrison v. Stefaniak,* 523 F. App'x 51, 52 (2d Cir. 2013) (noting that § 701.8 applied to claim of assault by correction officers.) When a grievance alleges harassment, it bypasses the Inmate Grievance Resolution Committee and is sent directly to the Superintendent, who must investigate and issue a written decision within 25 days. § 701.8(f). If the Superintendent does not respond within that 25-day period, the grievant may appeal immediately and directly to the Central Office Review Committee ("CORC"). § 701.8(g). As with all IGP grievances, however, exhaustion is not complete until CORC issues a decision—or fails to act within 30 days of receiving the appeal—at which point the inmate may file suit. *See Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020).

Here, the record unequivocally shows that exhaustion was not complete when Plaintiff filed this lawsuit. CORC did not receive Plaintiff's grievance appeal until October 31, 2022 (Defs.

8

56.1 ¶ 38), yet Plaintiff filed this action on October 28, 2022—three days before CORC even received the appeal and weeks before CORC's 30-day window began to run. (Id. ¶ 39.) Under New York's grievance rules, Plaintiff was required to wait until November 30, 2022—thirty days after CORC received his appeal—before commencing suit. He did not. And the fact that CORC later denied the appeal on January 26, 2023 does not salvage his claims. Courts make clear that CORC's later inaction or denial cannot cure a premature filing. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (subsequent exhaustion does not cure premature filing); *Herbert v. Korines*, No. 7:23-CV-09529 (NSR), 2025 WL 2172548, at *3 (S.D.N.Y. July 31, 2025) (finding "Plaintiff failed to exhaust his available administrative remedies before filing the initial complaint" and was thus barred from pursuing the action.) Plaintiff offers no CORC decision predating the complaint and identifies no basis to conclude that CORC's 30-day period expired before he filed suit.

Castelan also does not allege—nor does the record suggest—that the grievance process was unavailable to him. To qualify as "unavailable," an inmate must show either: (1) the process operated as a dead end, meaning officers were consistently unable or unwilling to provide any relief; (2) the grievance scheme was so opaque or confusing that it was effectively incapable of use; or (3) prison officials thwarted the inmate's efforts through intimidation, misrepresentation, or other forms of interference. *Ross v. Blake*, 578 U.S. 632, 643–44 (2016). Castelan alleges none of these circumstances—he describes no pattern of nonresponse or futility, no confusion about the procedural steps, and no actions by staff that prevented him from filing or pursuing a grievance. Because none of the *Ross* exceptions apply, his failure to exhaust remains fatal.

Accordingly, Defendants' motion for summary judgment is GRANTED in its entirety. Even if exhaustion were not independently dispositive, Plaintiff has submitted no admissible evidence capable of creating a triable issue of fact, providing a separate and sufficient ground for

summary judgment. And because exhaustion is mandatory and unmet, the Court does not need to reach the merits of Plaintiff's Eighth Amendment excessive-force or failure-to-intervene claims.

## CONCLUSION

For the reasons stated above, Defendants Correctional Officer Keenan A. John, Correctional Officer Shaun H. Kerr, and Sergeant Bermann Joseph's Motion for Summary Judgment is GRANTED in its entirety. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and terminate the action, as well as terminate the motion at ECF No. 79. The Clerk of Court is further directed to mail a copy of this Opinion to pro se Plaintiff at the address listed on ECF and show service on the docket.

Dated: November 25, 2025
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge